## WARWICK v. BETTMAN, Collector of Internal Revenue.

(Circuit Court, S. D. Ohio, W. D. May 5, 1900.)

No. 5,291.

WAR REVENUE ACT—STAMP TAXES—NOTARY'S BOND—EXEMPTION.

    War Revenue Act June 13, 1898, declares that bonds for indemnifying any person, etc., as surety for the payment of money or the execution of official duties, and all other bonds, except such as are required in legal proceedings, shall pay a tax of 50 cents; and section 17 provides that it is the intent of the act to exempt from the stamp taxes state, county, town, and other municipal corporations in the exercise only of functions strictly belonging to them in their ordinary governmental, taxing, or municipal capacity. *Held*, that a notary public appointed by a state is a state officer employed in the exercise of functions belonging to it in its governmental capacity, and hence the bond required of such notary as part of his qualification for office is not subject to the revenue tax.

This was an action against the defendant, as collector of internal revenue, to recover a tax exacted from plaintiff. On demurrer to petition.

W. W. Warwick, pro se.
Wm. E. Bundy, U. S. Atty., for defendant.

THOMPSON, District Judge. This action was commenced before William F. Gass, a justice of the peace in and for Cincinnati township, Hamilton county, Ohio, and was removed to this court. The defendant demurs to the bill of particulars or petition of the plaintiff for the reason that the facts therein stated do not constitute a cause of action, and the case is now submitted to the court upon this demurrer.

The petition shows that the defendant was on the 25th day of November, 1898, and has since been, collector of internal revenue for the First collection district of Ohio; that the plaintiff is a citizen of the state of Ohio, and a resident of Hamilton county, in that state; that on the 28th day of November, 1898, he was appointed a notary public by the governor of Ohio; that he gave bond to the said state of Ohio in the sum of $1,500, conditioned as required by the laws of Ohio, for the faithful performance of the duties of the said office of notary public; that afterwards he was notified and required by the defendant, acting as collector of internal revenue, to pay a tax of 50 cents on said bond, by affixing thereto a United States internal revenue stamp of the denomination of 50 cents, or that in default of such payment the defendant would institute proceedings against him for the collection of the tax, with a penalty for non-payment; that thereupon, in order to avoid such proceedings, he paid, under protest, to the defendant, as collector of internal revenue, the said sum of 50 cents, receiving therefor an internal revenue stamp of the denomination of 50 cents, which he affixed to said bond; and that afterwards he made application to the commissioner of internal revenue to have said sum refunded, but said commissioner rejected his claim and refused to direct the repayment thereof; and he claims that the bond was not subject to the tax, and that the collection thereof was illegal.

In support of the demurrer it is claimed that the collection of the tax was expressly authorized by the following paragraph of the act of congress of June 13, 1898, entitled "An act to provide ways and means to meet war expenditures, and for other purposes," to wit:

"Bond. For indemnifying any person or persons, firm, or corporation who shall have become bound or engaged as surety for the payment of any sum of money, or for the due execution or performance of the duties of any office or position, and to account for money received by virtue thereof, and all other bonds of any description, except such as may be required in legal proceedings, not otherwise provided for in this schedule, fifty cents."

In opposition to the demurrer it is claimed that bonds of this character were exempted from the tax by the following provision of section 17 of said act, to wit:

"Provided, that it is the intent hereby to exempt from the stamp taxes imposed by this act such state, county, town, or other municipal corporations in the exercise only of functions strictly belonging to them in their ordinary governmental, taxing, or municipal capacity."

Now, what is meant by the statute when it speaks of the exercise of the functions belonging to a state in its ordinary governmental capacity? The officers and agents of the state, employed in making, interpreting, and executing its laws, exercise functions belonging to it in its ordinary governmental capacity. A state may, in its corporate, as distinguished from its sovereign, capacity, exercise functions not strictly governmental, and these would not come within the operation of the exemption clause of the war revenue act just quoted. In Ohio notaries public are appointed and commissioned by the governor for a term of three years. Before entering upon the duties of their office, they are required to give bond

to the state in the sum of $1,500, with sureties to be approved by the governor, conditioned for the faithful discharge of the duties of the office. They must also file their commissions, with the oath of office indorsed thereon, with the clerk of the court of common pleas in the county in which they reside, for the purpose of being recorded; and they must also provide themselves with an official seal, as prescribed by law, and an official register, in which shall be recorded a copy of every certificate of protest and copy of note. They are given power, within the county in which they reside, to administer all oaths required or authorized by law to be administered in the state, to take and certify depositions, to take and certify to all acknowledgments of deeds, mortgages, liens, powers of attorney, and other instruments of writing, and to receive, make, and record notarial protests; and in taking depositions they have the same power to compel the attendance of witnesses, and to punish them for refusing to testify, which is by law invested in justices of the peace, and all sheriffs and constables in the state are required to serve and return all processes issued by such notaries in the taking of depositions. They are officers of the state, charged with the performance of important duties, and invested with the powers necessary for such performance. They are officers and agents of the state who render services in aid of the administration of justice, and are employed by the state in the exercise of the functions belonging to it in its ordinary governmental capacity. The tax collected from the plaintiff was a tax on his right to qualify, in conformity with the law of Ohio, for the office to which he had been appointed, and was a restraint upon his duty to qualify, which might be made practically prohibitive, and was a restraint upon the state in the exercise of its function in the appointment and qualification of its officers and agents for ordinary governmental purposes, and was therefore illegal. The exemption clause of section 17 of the war revenue act of 1898 is in harmony with that line of decisions by the supreme court of the United States beginning with McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579, and including Collector v. Day, 11 Wall. 113, 20 L. Ed. 122, which define the relation of the state to the general government, and hold that "each is sovereign in its sphere of action, and exempt from the interference or control of the other either in the means employed or the function exercised" (People v. Commissioners of Taxes for the City and County of New York, 2 Black, 620, 17 L. Ed. 451), and was undoubtedly inserted in the law in order to conform to those decisions. The demurrer to the petition of the plaintiff will be overruled.